FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2017 MAY 19 AM 11:40
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

# In the United States District Court
# Southern District of Indiana

| | |
|---|---|
| MARK A. ALBRECHTSEN,<br><br>Plaintiff,<br>vs.<br><br>DOES 1-3, in their individual capacities as officers, agents, or employees of the United States government,<br>c/o Attorney General of the United States<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>Defendants. | Case No.<br>1:17-cv-1665 JMS -TAB<br><br>**PLAINTIFF'S CIVIL COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff, Mark A. Albrechtsen, for his Complaint against defendants, state as follows:

## INTRODUCTION

1. This action arises from two Veterans Affairs employees abusing their authority to maliciously seize plaintiff because plaintiff was lawfully vocal about the employees abuse of power by using their vehicle's emergency lights to gain advantage over private citizens and thwart basic traffic laws, and a third agents failure to intervene to prevent plaintiff's seizure. It is this exact abuse of power that has been linked directly to the erosion of public trust and confidence between law enforcement and private citizens—all law enforcement officers, local, state, and federal, have sworn and undertaken the duty to protect and defend the constitution, not abuse it.

## JURISDICTION AND VENUE

2. This action is brought under 28 U.S.C. § 1331 for defendants' violation of plaintiff's First and Fourth Amendment rights pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

3. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343(a) *et seq.*, and the above-mentioned constitutional provisions.

4. Venue is proper in the Southern District of Indiana, Indianapolis Division pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events giving rise to the claim occurred in Marion County, Indiana.

## PARTIES

5. At all times relevant to this action, plaintiff Mark A. Albrechtsen ("PLAINTIFF") is a 37-year-old former police officer and law school graduate who has been honored in newspapers, law journals, and appeared on Bloomberg News for his work in educating law enforcement officers concerning the applicability of court decisions in order to prevent the violation of citizens' constitutional rights, promote police legitimacy, and safeguard law enforcement officers from unlawful employer conduct.

6. At all times relevant to this action, defendants DOES 1-3 (collectively, "DEFENDANTS") are United States Department of Veterans Affairs employees driving GSA leased vehicles and were acting within the course and scope of their employment. The true names of defendants sued herein as DOES 1-3 are unknown to Plaintiff, who therefore sues said defendants by such fictitious name. Plaintiff will seek leave to amend this complaint to show their true names when the same are ascertained. DOES 1-3 are being sued in their individual capacities.

7. PLAINTIFF is informed and believes, and on the basis of such information and belief alleges, that each of the DEFENDANTS was at all material times an agent, servant, employee, partner, joint venturer, coconspirator, and/or alter ego of the remaining DEFENDANTS, and in doing the things here alleged, was acting within the course and scope of that relationship. PLAINTIFF is further informed and believes, and on the basis of such information and belief alleges, that each of the DEFENDANTS in this action gave consent, aid, and assistance to each of the remaining DEFENDANTS, and ratified and/or authorized the acts or omissions of each Defendant as alleged here, except as may be subsequently otherwise specifically alleged.

8. At all material times, each of the DEFENDANTS were jointly engaged in unlawful activity, resulting in the deprivation of PLAINTIFF's constitutional rights and other harm.

9. At all material times, each of the DEFENDANTS acted under the color of law(s) and regulation(s) of the United States government. However, despite acting under the color of law(s) and regulation(s) of the United States government, DEFENDANTS are not entitled to qualified immunity because they were acting under color of law outside of their territorial jurisdiction, thus eliminating their discretionary functionality.

## GENERAL ALLEGATIONS

10. On March 2, 2017, at approximately 7:20 A.M., PLAINTIFF was in Indianapolis, Indiana traveling northbound on Harding Street when three GSA vehicles (two Ford SUVs and one Dodge van) were in the wrong turn lane—they were in the left turn lane and wanted to be in the right turn lane.

11. DOE 1, the driver of the first vehicle, a silver Ford SUV bearing U.S. Government license plate G62-1910N, acted professionally, using his turn signal and seeking permission from those who have right away to allow DOE 1 to merge.

12. DOE 2, the driver of the second vehicle, a black Dodge SUV bearing U.S. Government license plate G41-1171N, bulldozed his way into the right lane by following the first vehicle.



13. DOE 3, the driver of the third vehicle, a grey Ford SUV bearing U.S. Government license plate G62-3662N, used his red/blue emergency lights to also bulldoze his way into the lane, forcing a civilian vehicle to veer off onto the road's shoulder and honk their horn to avoid a collision.



14. Frustrated with this clear abuse of power—PLAINTIFF pulled next to DOE 3's vehicle and used colorful, fully protected speech to express his resentment with DOE 3's abuse of power. At this time, DOE 2 and DOE 3 activated their vehicle's emergency lights while DOE 1 continued straight with the flow of traffic.

15. Due to the vehicle gap between DOE 1 and DOE 2 (because DOE 1 remained with the flow of traffic), PLAINTIFF drove in front of DOE 2's vehicle to continue on his way. As PLAINTIFF continued on his way, DOE 2 and DOE 3 retaliated against PLAINTIFF's protected speech by pulling PLAINTIFF over.

16. Out of fear of further retaliation or physical force, PLAINTIFF submitted to DOE 2 and DOE 3's show of force and pulled over.

17. Once PLAINTIFF was stopped on side of the road, instead of pulling behind PLAINTIFF, DOE 2 pulled next to PLAINTIFF with his window down. PLAINTIFF stated he has a First Amendment right to express his resentment with DOE 3's actions. DOE 2 responded by stating, "Move out of the way."

18. It was not until DOE 2 pulled next to PLAINTIFF, rather than behind PLAINTIFF, that PLAINTIFF realized the agents' conduct was merely an exercise to maliciously harass PLAINTIFF rather than to conduct a legitimate traffic stop. The conduct of DOE 2 and DOE 3 is akin to conduct of a rogue police officer conducting unlawful traffic stops without the authority to do so, causing fear and distrust in the community they serve.

19. When it was clear that DOE 2 had no intention to execute a legitimate traffic stop, despite the fact that PLAINTIFF clearly submitted to DOE 2's show of authority by pulling over, PLAINTIFF continued behind DOE 2's vehicle as he pulled away. DOE 3 continued

to follow PLAINTIFF with his emergency lights still activated attempting to pull PLAINTIFF over.

20. Since it was clear DOE 2 and DOE 3 were abusing their authority after PLAINTIFF pulled over and DOE 2 declined to execute a legitimate traffic stop, PLAINTIFF refused to pull over again for DOE 3.

21. After the vehicles turned off of Oliver Avenue and continued northbound on Harding Street, DOE 3 turned his emergency lights off.

22. DEFENDANTS and PLAINTIFF continued northbound on Harding Street, turned right to proceed eastbound on W Washington Street, and the turned left onto N White River Parkway W Drive, approaching W New York Street. As the vehicle approached W New York Street, DOE 1 continued east on East New York Street while DOE 2 and DOE 3 continued northbound on N White River Parkway W Drive.

23. DEFENDANTS' different routes of travel reinforced PLAINTIFF's early suspicions that DEFENDANTS did not need to play follow-the-leader to get to their destination; DOE 2 and DOE 3 chose to simply abuse their power to gain advantage over private citizens and thwart traffic laws.

## COUNT I – VIOLATION OF THE FOURTH AMENDMENT

24. Plaintiff re-alleges and incorporates all previous allegations previously set forth as if fully rewritten herein.

25. DOE 2 and DOE 3 used their vehicle's emergency lights in a show of authority to seize PLAINTIFF within the meaning of the Fourth Amendment.

26. PLAINTIFF submitted to DOE 2 and DOE 3's show of authority by pulling his vehicle over and stopping on the side of the road. PLAINTIFF did not feel free to leave.

27. DOE 2 and DOE 3 lacked reasonable suspicion or arguable probable cause to seize PLAINTIFF.

28. DOE 2 and DOE 3 acted maliciously by seizing PLAINTIFF in retaliation for PLAINTIFF's exercise of speech and expression regarding a matter of public concern, speech and expression that is fully protected by the First Amendment.

29. Upon information and belief, DOE 1 knew and understood Plaintiff was being subjected to a deprivation of his constitutional rights and was in the position and had the duty and authority to intervene to prevent the wrongdoing committed against PLAINTIFF by DOE 2. Nonetheless, DOE 1 did nothing to intervene by willfully ignoring DOE 2's conduct despite his duty and authority to intervene. DOE 1 knew or should have known that DOE 2's seizure of PLAINTIFF was unconstitutional and in retaliation for PLAINTIFF's fully protected speech.

30. DOE 3 knew and understood Plaintiff was being subjected to a deprivation of his constitutional rights and was in the position and had the duty and authority to intervene to prevent the wrongdoing committed against PLAINTIFF by DOE 2. Nonetheless, DOE 3 encouraged DOE 2's conduct by taking part in the traffic stop despite his duty and authority to intervene. DOE 3 knew or should have known that DOE 2's seizure of PLAINTIFF was unconstitutional and in retaliation for PLAINTIFF's fully protected speech.

31. DEFENDANTS subjected PLAINTIFF to their wrongful conduct, depriving PLAINTIFF of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of PLAINTIFF and others would be violated by their acts and/or omissions.

32. DOE 2 and DOE 3's actions amount to a reckless or callous indifference to the constitutional rights of PLAINTIFF and furthermore, was motivated by evil intent. As such, punitive damages are appropriate against DOE 2 and DOE 3.

## COUNT II – VIOLATION OF THE FIRST AMENDMENT

33. PLAINTIFF re-alleges and incorporates all previous allegations previously set forth as if fully rewritten herein.

34. First Amendment jurisprudence precludes government officials for retaliating against private citizens for engaging in protected conduct, such as exercising their First Amendment rights.

35. PLAINTIFF engaged in a constitutionally protected activity by voicing and expressing his resentment of DOE 3's abuse of power and misconduct to DOE 3.

36. As a direct result of PLAINTIFF's constitutionally protected opinion, DOE 2 and DOE 3 seized PLAINTIFF within the meaning of the Fourth Amendment and then continued to pursue PLAINTIFF despite knowing DEFENDANTS lacked reasonable suspicion or arguable probable cause to seize PLAINTIFF.

37. Upon information and belief, DOE 1 knew and understood Plaintiff was being subjected to a deprivation of his constitutional rights and was in the position and had the duty and authority to intervene to prevent the wrongdoing committed against PLAINTIFF by DOE 2. Nonetheless, DOE 1 did nothing to intervene by willfully ignoring DOE 2's conduct despite his duty and authority to intervene. DOE 1 knew or should have known that DOE 2's seizure of PLAINTIFF was unconstitutional and in retaliation for PLAINTIFF's fully protected speech.

38. DOE 3 knew and understood Plaintiff was being subjected to a deprivation of his constitutional rights and was in the position and had the duty and authority to intervene to prevent the wrongdoing committed against PLAINTIFF by DOE 2. Nonetheless, DOE 3 encouraged DOE 2's conduct by taking part in the traffic stop despite his duty and authority to intervene. DOE 3 knew or should have known that DOE 2's seizure of PLAINTIFF was unconstitutional and in retaliation for PLAINTIFF's fully protected speech.

39. DEFENDANTS' unconstitutional conduct was motivated at least in part as a response to the exercise of the Plaintiff's First Amendment right to voice and express his opinion regarding governmental abuses of authority, a matter of public concern.

40. DOE 2 and DOE 3's actions amount to a reckless or callous indifference to the constitutional rights of PLAINTIFF and furthermore, was motivated by evil intent. As such, punitive damages are appropriate against DOE 2 and DOE 3.

## COUNT III – DECLARATORY JUDGEMENT

41. DEFENDANTS have violated PLAINTIFF's constitutional rights.

42. DEFENDANTS deny that they have violated PLAINTIFF's constitutional rights.

43. An actual and justiciable controversy exists between PLAINTIFF and DEFENDANTS.

44. Plaintiff is entitled to a judgment declaring that DEFENDANTS' conduct as set forth above violated PLAINTIFF's constitutional rights of free speech and to be free from unreasonable seizure under the U.S. Constitution.

45. As a direct and proximate result of each DEFENDANTS acts and/or omissions as set forth above, PLAINTIFF sustained the following injuries and damages, past and future, among others:

a. Wrongful seizure;

b. Violation of constitutional rights;

c. Feelings of unjust treatment;

d. Reputational harm;

e. Anxiety;

f. Humiliation;

g. Personal dignitary harms;

h. Out-of-pocket expenses;

i. Inherent value of constitutional rights; and

j. All damages and penalties recoverable under United States statutes, codes, and common law.

## REQUEST FOR RELIEF

PLAINTIFF respectfully prays this court for judgment against the DEFENDANTS and requests the following relief against each and every DEFENDANT, jointly and severally:

1. Compensatory and exemplary damages in the amount of $50,000, which is fair, just, and reasonable;

2. Punitive damages against the individual Defendants in an amount according to proof and which is fair, just, and reasonable;

3. All other damages, penalties, costs, interest, and attorneys' fees as allowed federal law;

4. Injunctive relief, including but not limited to the following:

    a. An order prohibiting DEFENDANTS from unlawfully interfering with the rights of PLAINTIFF and others to be free from unreasonable seizures;

b. An order requiring DEFENDANTS to rescind any and all of their policies, practices, procedures, and/or customs allowing agents to engage in unlawful seizures;

c. An order requiring DEFENDANTS to institute and enforce appropriate and lawful policies, procedures, and supervision concerning seizures; and

d. An order requiring DEFENDANTS to receive training concerning this Court's orders in this matter, including the issues raised in injunctive relief requests (a)-(c) above;

5. Damages that parallel any harm that can be established for recovery of damages under the law of torts; and

6. Such other and further relief as presented by the evidence in this case and as this Court may deem just and appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury as to all issues triable by right by jury.

Mark A. Albrechtsen
4752 Stardust Circle
Plainfield, Indiana 46168
Phone: (614) 339-7150
mark.albrechtsen@icloud.com

PLAINTIFF