UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK A. ALBRECHTSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-01665-JMS-TAB |
| | ) |
| SEAN PARSONS in his individual capacity as a United States employee of Richard L. Roudebush VA Medical Center, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Interested Party. | ) |

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE**

Plaintiff Mark Albrechtsen brings this civil rights action against Defendants in their capacity as United States employees of Richard L. Roudebush VA Medical Center. At issue is Plaintiff's motion to strike the appearance of Assistant United States Attorney Shelese Woods on the basis that she has not yet been authorized by the Department of Justice to represent Defendants.[1] [Filing No. 26.] The United States opposes Albrechtsen's motion, arguing Woods's appearance was proper based on her duty as a United States attorney to "prosecute or defend, for the Government, all civil actions, suits or proceedings in which the United States is concerned." 28 U.S.C. § 547(2). Because Woods's appearance and subsequent motion for enlargement of time do not prejudice Albrechtsen, and because there is no reasonable basis to question that Woods will be authorized to represent Defendants, the Court denies Albrechtsen's motion to strike. [Filing No. 26.]

---

[1] Albrechtsen appears to have inadvertently referenced Filing No. 24 in his motion to strike. Woods's notice of appearance is Filing No. 23, so the Court treats Albrechtsen's motion as seeking to strike No. 23.

1

The Department of Justice has the authority under the Attorney General to represent officers of a federal agency. 28 U.S.C. § 516. The Attorney General may authorize another "officer, employee, or agency of the Department of Justice" to carry out any of his functions. 28 U.S.C. § 510. Further, each United States attorney has a duty within her district to defend or prosecute civil actions for the government. 28 U.S.C. § 547(2).

The Attorney General authorizes Department of Justice representation for federal employees "when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States." 28 C.F.R. § 50.15(a).

Woods filed an appearance on behalf of the United States as an interested party before receiving authorization from the Department of Justice to represent Defendants. It appears this was a protective measure, not an oversight. Immediately after filing her notice, Woods filed a motion for an extension of time so Defendants would not be prejudiced by failing to answer Albrechtsen's complaint or by risking default before the Department of Justice could complete a review of Defendants' request. [Filing No. 24, at ECF p. 2.] The Court granted the extension of time so that the Department of Justice could determine whether this case is within the scope of its representation. [Filing No. 27.]

Striking Woods's appearance is not appropriate. This Court generally disfavors motions to strike. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). There is no reasonable basis to question whether Defendants were acting in the scope of their government employment given that the allegations relate to Defendants' conduct in connection with a traffic stop. Albrechtsen alleges Defendants' actions violated his First and Fourth

Amendment rights by unlawfully stopping him. He does not allege physical injury or other outrageous conduct that might reasonably call into question the Department of Justice's representation of Defendants. Therefore, the Department is likely to authorize Woods's representation of Defendants. Woods also filed a partial motion to dismiss, which suggests she anticipates receiving authorization to represent Defendants. [Filing No. 32.] Because Woods appears poised to become Defendants' attorney, Albrechtsen is not prejudiced by her appearance in the case.

Albrechtsen argues that Woods's appearance should be stricken based on principles of agency and on Woods's admission that the Department of Justice has not yet authorized her representation. These arguments are not persuasive. Woods's authority to represent Defendants is statutory, not one found in general principles of agency, and Woods appears likely to receive Department of Justice authorization on this case. Striking Woods's appearance now would leave Defendants unrepresented and at risk of default. Faced with this possibility, the better alternative is to permit Woods to file a somewhat premature appearance.

Accordingly, the Court denies Albrechtsen's motion to strike notice of appearance. [Filing No. 26.]

Date: 2/8/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

All ECF-registered counsel of record via email

Mark A. Albrechtsen
4752 Stardust Circle
Suite 115
Plainfield, IN 46168