UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK A. ALBRECHTSEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:17-cv-01665-JMS-TAB ) |
| SEAN PARSONS, BRANDON LAUGHLIN, and CHRISTOPHER WALTERS, *in their individual capacities as United States employees of Richard L. Roudebush VA Medical Center*, | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiff Mark Albrechtsen was driving in Indianapolis early in the morning on March 2, 2017, when he encountered three vehicles bearing United States Government license plates. The vehicles were driven by Defendants, who are all employees at the Richard L. Roudebush VA Medical Center in the Police Services Division. One of the Defendants pulled Mr. Albrechtsen over and asked him to move out of the way. Mr. Albrechtsen then drove away. Mr. Albrechtsen, proceeding *pro se*, asserts claims against Defendants for violation of the First and Fourth Amendments. Presently pending and ripe for the Court's consideration is Defendants' Partial Motion to Dismiss. [Filing No. 32.]

### I.
### STANDARD OF REVIEW

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing

1

the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The following are the factual allegations in the Complaint, which the Court must accept as true at this time:

On March 2, 2017 at approximately 7:20 a.m., Mr. Albrechtsen was driving northbound on Harding Street in Indianapolis, Indiana and approached three vehicles bearing United States Government license plates – two Ford SUVs and one Dodge van. [Filing No. 15 at 4.] The three vehicles were in the left turn lane, but eventually sought to turn right. [Filing No. 15 at 4.] Defendant Sean Parsons, a Police Captain in the Richard L. Roudebush VA Medical Center's Police Service Division ("VA Police Services Division"), "acted professionally, using his turn signal and seeking permission from those who have right away [sic] to allow [him] to merge into the correct lane." [Filing No. 15 at 4.] Defendant Brandon Laughlin, a Lieutenant with the VA Police Services Division, was driving the second vehicle and "bulldozed his way into the right lane

2

by following the first vehicle." [Filing No. 15 at 4.] Defendant Christopher Walters, an Officer with the VA Police Services Division, was driving the third vehicle and "used his red/blue emergency lights to also bulldoze his way into the lane, forcing a civilian vehicle to veer off onto the road's shoulder and honk their horn to avoid a collision." [Filing No. 15 at 4.]

Mr. Albrechtsen, "[f]rustrated with this clear abuse of power,…pulled next to [Officer] Walters' vehicle and used colorful, fully protected speech to express his resentment with [Officer] Walters' abuse of power." [Filing No. 15 at 5.] Subsequently, Lieutenant Laughlin and Officer Walters activated their emergency lights while Captain Parsons "continued onward with the flow of traffic." [Filing No. 15 at 5.] Because there was a gap between Captain Parsons' vehicle and the vehicles of Lieutenant Laughlin and Officer Walters, Mr. Albrechtsen drove in front of Lieutenant Laughlin's vehicle to continue on his way. [Filing No. 15 at 5.] As he did so, Lieutenant Laughlin and Officer Walters "retaliated against [Mr. Albrechtsen's] protected speech by following and pulling [him] over." [Filing No. 15 at 5.] Mr. Albrechtsen pulled over "[o]ut of fear of further retaliation and/or physical force." [Filing No. 15 at 5.]

Once Mr. Albrechtsen had pulled over, Lieutenant Laughlin pulled next to him with his window down. [Filing No. 15 at 5.] Mr. Albrechtsen told Lieutenant Laughlin that he had a First Amendment right to "express his resentment with [Officer] Walters' actions," and Lieutenant Laughlin told Mr. Albrechtsen to "move out of the way." [Filing No. 15 at 5.] When it became clear to Mr. Albrechtsen that Lieutenant Laughlin "had no intention to execute a legitimate traffic stop," Mr. Albrechtsen continued behind Lieutenant Laughlin's vehicle as he pulled away. [Filing No. 15 at 5.] Officer Walters continued to follow Mr. Albrechtsen with his emergency lights still activated, attempting to pull Mr. Albrechtsen over. [Filing No. 15 at 5-6.] Mr. Albrechtsen refused to pull over. [Filing No. 15 at 6.] After the vehicles continued on Harding Street, Officer Walters

3

turned his emergency lights off. [Filing No. 15 at 6.] Captain Parsons eventually took a different route than Lieutenant Laughlin and Officer Walters, which "reinforced [Mr. Albrechtsen's] early suspicions that Defendants did not need to play follow-the-leader to get to their destination." [Filing No. 15 at 6.]

Mr. Albrechtsen initiated this lawsuit on May 19, 2017, [Filing No. 1], and filed the operative Amended Complaint on September 27, 2017, [Filing No. 15]. Mr. Albrechtsen asserts claims for violations of the First and Fourteenth Amendments under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). [Filing No. 15 at 6-9.] He seeks a declaratory judgment that "Defendants' conduct…violated Plaintiff's constitutional rights of free speech and to be free from unreasonable seizure under the U.S. Constitution"; compensatory damages of $50,000; punitive damages; attorneys' fees and costs; and injunctive relief including an order prohibiting Defendants from unlawfully interfering with his rights and the rights of others to be free from unreasonable seizures, requiring Defendants to rescind any and all of their policies, practices, procedures, and/or customs allowing agents to engage in unlawful seizures, requiring Defendants to institute and enforce appropriate and lawful policies, procedures, and supervision concerning seizures, and requiring Defendants to receive training concerning "this Court's orders in this matter." [Filing No. 15 at 9-11.]

### III.
#### DISCUSSION

Defendants have filed a Partial Motion to Dismiss, arguing that Mr. Albrechtsen's First Amendment claim fails as a matter of law as against all Defendants, and that his Fourth Amendment claim against Captain Parsons fails because he does not adequately allege that Captain Parsons took any action that would constitute an unlawful seizure. The Court addresses each of Mr. Albrechtsen's claims in turn.

4

### A. First Amendment Claim

In connection with his First Amendment claim, Mr. Albrechtsen alleges that he engaged in constitutionally protected activity by "voicing and expressing his resentment of [Officer] Walters' abuse of power and misconduct…," and that as a direct result Lieutenant Laughlin and Officer Walters "seized" him. [Filing No. 15 at 8.] Mr. Albrechtsen also alleges that Captain Parsons knew that Mr. Albrechtsen was being subjected to a deprivation of his constitutional rights, was in a position and had a duty to intervene to prevent this wrongdoing, and did nothing to intervene. [Filing No. 15 at 8.] Mr. Albrechtsen contends that Officer Walters also knew Mr. Albrechtsen was being subjected to a deprivation of his constitutional rights, but did not intervene and encouraged Lieutenant Laughlin's conduct by taking part in the traffic stop. [Filing No. 15 at 9.]

Defendants argue that Mr. Albrechtsen's claim is one for First Amendment retaliation under *Bivens*, and that the United States Supreme Court has not recognized such a claim. [Filing No. 33 at 3-4.] Defendants note a recent decision in which the United States Supreme Court found only three contexts in which a *Bivens* claim can arise: (1) a Fourth Amendment claim for unreasonable searches and seizures; (2) a Fifth Amendment Due Process claim for gender discrimination by a federal official; and (3) an Eighth Amendment claim for inadequate medical treatment. [Filing No. 33 at 4 (citing *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1854-55 (2017)).] Defendants assert that Mr. Albrechtsen's First Amendment retaliation claim also does not meet the two-part test set forth by the United States Supreme Court to determine whether a *Bivens* claim can proceed, and that Mr. Albrechtsen can "pursue his alleged Fourth Amendment claim against the officers who allegedly pulled him over." [Filing No. 33 at 4-5.]

Mr. Albrechtsen argues in response that the Supreme Court recognized a First Amendment retaliation claim in *Hartman v. Moore*, 126 S.Ct. 1695 (2006). [Filing No. 38 at 2.] He also argues

that his First Amendment claim satisfies the test discussed in *Abbasi* because "special factors" exist including that Mr. Albrechtsen's claim "involves the most important constitutional right within our democratic society," that "multiple high ranking federal law enforcement officers" are involved, and that the Supreme Court recognized such a claim in *Hartman*. [Filing No. 38 at 4-5.]

In their reply, Defendants argue that the Supreme Court in *Hartman* assumed without deciding that the plaintiff had stated a First Amendment and retaliatory prosecution claim, but that the Supreme Court has since acknowledged that it "has never recognized a *Bivens* claim for damages under the First Amendment." [Filing No. 39 at 2.] As for the "special factors" Mr. Albrechtsen points to, Defendants argue that Mr. Albrechtsen "was not arrested and was arguably not even detained," and that Defendants "are not high-ranking." [Filing No. 39 at 3.]

Defendants have correctly noted that the Supreme Court has recognized a *Bivens* remedy in only three cases: (1) a Fourth Amendment claim against federal agents for violating the prohibition against unlawful searches and seizures when they handcuffed a man in his home without a warrant, *Bivens*, 403 U.S. 388; (2) a Fifth Amendment gender discrimination claim against a congressman for firing his female administrative assistant, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) an Eighth Amendment claim brought by an inmate's estate against prison officials for failure to provide adequate medical care for his asthma, *Carlson v. Green*, 446 U.S. 14 (1980). To determine whether a *Bivens* remedy is available for a claim outside of these three circumstances, this Court must ask whether there are any other "special factors counselling hesitation before authorizing a new kind of federal litigation," including whether there is "'any alternative, existing process for protecting the [injured party's] interest' that itself may 'amount[ ] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding

remedy in damages.'" *Abbasi*, 137 S.Ct. at 1858 (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)).  As the *Abbasi* court explained:

> Without endeavoring to create an exhaustive list of differences that are meaningful enough to make a given context a new one, some examples might prove instructive. A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Abbasi*, 137 S.Ct. at 1859-60.  The *Abbasi* court also pointed out that it had declined to extend *Bivens* in a number of contexts, including:

> [A] First Amendment suit against a federal employer; a race-discrimination suit against military officers; a substantive due process suit against military officers; a procedural due process suit against Social Security officials; a procedural due process suit against a federal agency for wrongful termination; an Eighth Amendment suit against a private prison operator; a due process suit against officials from the Bureau of Land Management; and an Eighth Amendment suit against prison guards at a private prison.

*Id.* at 1857 (citations omitted); *see also Khorrami v. Rolince*, 713 Fed. App'x. 494, 499 (7th Cir. 2017) ("the Supreme Court has been hesitant to expand the right to sue under an implied cause of action" under *Bivens*).

Mr. Albrechtsen's First Amendment claim in this case is unlike the Fourth Amendment unreasonable seizure claim at issue in *Bivens*, the gender discrimination claim in *Davis*, or the deliberate indifference claim in *Carlson*.  And while the Supreme Court has assumed in some cases without deciding that a *Bivens* remedy is available for a First Amendment claim – including in *Hartman v. Moore*, upon which Mr. Albrechtsen so heavily relies – it has never identified one. *See Wood v. Moss*, 134 S.Ct. 2056, 2066 (2014); *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims"); *Iqbal*, 556 U.S. at 675

7

(assuming, without deciding, that a free exercise claim was available because the issue was not raised on appeal, but noting that the reluctance to extend *Bivens* "might well have disposed of respondent's First Amendment claim of religious discrimination" because "we have declined to extend *Bivens* to a claim sounding in the First Amendment").

Accordingly, the Court considers whether the type of "special factors" discussed by the *Abbasi* court as justifying extending *Bivens* are present here. The Court concludes that they are not. First, Mr. Albrechtsen relies upon the fact that his claim is based on "the most important constitutional right within our democratic society." [Filing No. 38 at 4.] But the Supreme Court has already rejected *Bivens* claims for retaliation in the First Amendment context. *See, e.g.*, *Reichle*, 566 U.S. at 663 n.4; *Bush v. Lucas*, 462 U.S. 367, 390 (1983).

Second, Mr. Albrechtsen argues that Defendants are "high ranking federal law enforcement officers." [Filing No. 38 at 4.] Putting aside whether Mr. Albrechtsen's allegation that Defendants are "police officers/supervisors" with the VA Police Services Division indicates that those individuals are "high ranking," the Court notes that the Supreme Court has rejected extending *Bivens* to claims against military officers and officials from other federal agencies. *See Chappell v. Wallace*, 462 U.S. 296, 297 (1983) (race discrimination suit against military officers); *United States v. Stanley*, 483 U.S. 669, 671-72 (1987) (substantive due process suit against military officers); *Wilkie v. Robbins*, 551 U.S. 537, 547-48 (2007) (due process suit against officials from the Bureau of Land Management). The allegation that Defendants are police officers or supervisors with the VA Police Services Division is not a special factor justifying extending *Bivens* to this context.

Finally, Mr. Albrechtsen points to *Hartman* as "precedent" for finding special factors here. But, as noted above, the Supreme Court in *Hartman* assumed without deciding that the plaintiff

8

had stated a First Amendment and retaliatory prosecution claim. Since *Hartman*, the Supreme Court has explicitly rejected such a claim. *See, e.g.*, *Reichle*, 566 U.S. at 663 n.4.

Mr. Albrechtsen has not alleged a viable claim for First Amendment retaliation under *Bivens*. Defendants' Partial Motion to Dismiss as to that claim is **GRANTED**.

### B. Fourth Amendment Claim Against Captain Parsons

Mr. Albrechtsen alleges that all three Defendants violated his Fourth Amendment rights. His only specific allegations against Captain Parsons are that he:

> knew and understood [Mr. Albrechtsen] was being subjected to a deprivation of his constitutional rights and was in the position and had the duty and authority to intervene to prevent the wrongdoing committed against [Mr. Albrechtsen] by [Lieutenant] Laughlin. Nonetheless, [Captain] Parsons did nothing to intervene by willfully ignoring [Lieutenant] Laughlin's conduct despite his duty and authority to intervene. [Captain] Parsons knew or should have known that [Lieutenant] Laughlin's seizure of [Mr. Albrechtsen] was unconstitutional and in retaliation for [Mr. Albrechtsen's] fully protected speech.

[Filing No. 15 at 7.]

Defendants argue in their Partial Motion to Dismiss that Mr. Albrechtsen's allegations indicate that Captain Parsons did not use physical force, did not issue any commands, and did not "use any show of authority" toward Mr. Albrechtsen. [Filing No. 33 at 7.] They also argue that Mr. Albrechtsen's allegations do not support his legal claim that Captain Parsons knew or should have known that Officer Walters and Lieutenant Laughlin were retaliating against him or seizing him in an unconstitutional manner because Mr. Albrechtsen himself alleges that Captain Parsons continued driving with the flow of traffic after merging in front of Mr. Albrechtsen while Officer Walters and Lieutenant Laughlin remained still. [Filing No. 33 at 7.] They argue that, based on Mr. Albrechtsen's own allegations, any seizure by Officer Walters and Lieutenant Laughlin would have taken place after Captain Parsons had driven away. [Filing No. 33 at 7.] Defendants contend that dismissal of the Fourth Amendment claim against Captain Parsons is warranted because the

9

only allegations which relate specifically to Captain Parsons do not support such a claim. [Filing No. 33 at 8-9.]

In his response, Mr. Albrechtsen argues that "[f]ailing to intervene is a constitutional violation if a law enforcement officer stands by and do[es] not take action when circumstances dictate that action should have been taken." [Filing No. 38 at 6.] He then cites caselaw standing for the proposition that a bystanding officer is liable for a constitutional violation if he "(1) is confronted with a fellow officer's illegal act, (2) possesses the power to prevent it, and (3) chooses not to act…." [Filing No. 38 at 6.]

In their reply, Defendants argue that "[b]ased on [Mr. Albrechtsen's] allegations, [Captain] Parsons continued driving away from [Mr.] Albrechtsen, [Officer] Walters and [Lieutenant] Laughlin before [Officer] Walters and [Lieutenant] Laughlin activated their lights. It is not plausible based on the allegations that [Captain] Parsons was aware of a constitutional violation or in a position to intervene but did not." [Filing No. 39 at 5.]

To be liable for any *Bivens* claim, each defendant must be directly or personally involved in the alleged constitutional deprivation – "there must be individual participation and involvement by the defendant." *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011); *see also Iqbal*, 556 U.S. at 676; *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012). Mr. Albrechtsen's only specific allegations against Captain Parsons in connection with his Fourth Amendment claim are that Captain Parsons had a duty and the authority to intervene to prevent Officer Walters and Lieutenant Laughlin from unconstitutionally seizing him by using their vehicle's emergency lights to pull him over. [Filing No. 15 at 6-7.] But as Defendants point out, Mr. Albrechtsen's own general allegations contradict the notion that Captain Parsons would have seen Officer Walters and Lieutenant Laughlin pull Mr. Albrechtsen over, and have been in a position to intervene. To the

contrary, Mr. Albrechtsen alleges that Captain Parsons "continued onward with the flow of traffic" when Officer Walters and Lieutenant Laughlin activated their lights and pulled Mr. Albrechtsen over. [Filing No. 15 at 5 ("At this time, [Lieutenant] Laughlin and [Officer] Walters activated their vehicle's emergency lights while [Captain] Parsons continued onward with the flow of traffic").] Mr. Albrechtsen also alleges that there was a "vehicle gap" between Captain Parsons and Lieutenant Laughlin because "[Captain] Parsons remained with the flow of traffic while [Lieutenant] Laughlin and [Officer] Walters remained still." [Filing No. 15 at 5.]

When a plaintiff "pleads himself out of court by making allegations sufficient to defeat the suit," dismissal under Rule 12(b)(6) is appropriate. *Vincent v. City Colleges of Chicago*, 485 F.3d 919, 924 (7th Cir. 2007). This is exactly what Mr. Albrechtsen has done here. He has alleged on the one hand that Captain Parsons was not on the scene when he was pulled over, but on the other than Captain Parsons should have intervened to stop Officer Walters and Lieutenant Laughlin from pulling him over. Notably, Mr. Albrechtsen does not explain in his response to Defendants' Partial Motion to Dismiss how these two sets of allegations can be consistent, instead citing to caselaw regarding the duty of a bystanding officer. The Court finds that Mr. Albrechtsen has not alleged facts sufficient to state a Fourth Amendment *Bivens* claim against Captain Parsons, and **GRANTS** Defendants' Partial Motion to Dismiss that claim.

## IV.
### Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' Partial Motion to Dismiss. [32.] Mr. Albrechtsen's First Amendment retaliation claim against all Defendants and his Fourth Amendment claim against Captain Parsons are **DISMISSED WITH PREJUDICE**. Remaining pending is Mr. Albrechtsen's Fourth Amendment claim against Officer Walters and Lieutenant

Laughlin. The Court requests that the Magistrate Judge confer with the parties regarding the possibility of resolving that claim short of trial.[1] No partial final judgment shall issue at this time.

Date: 5/7/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via United States Mail to:**

Mark A. Albrechtsen
4752 Stardust Circle
Plainfield, IN 46168

Distribution via ECF:
Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov

---

[1] The Court notes that it is dismissing Mr. Albrechtsen's First Amendment claim against all Defendants and his Fourth Amendment claim against Captain Parsons with prejudice. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend his complaint once as a matter of course in response to a motion to dismiss. *Brown v. Bowman*, 2011 WL 1296274, *16 (N.D. Ind. 2011). The 2009 notes to that rule emphasize that this amendment "will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim." Mr. Albrechtsen chose not to exercise his right to amend his Complaint pursuant to Rule 15(a)(1)(B) in response to Defendants' Partial Motion to Dismiss but, instead, chose to brief the motion and adjudicate the issues. The Court is not required to give Mr. Albrechtsen another chance to plead his claims because he has already had an opportunity to cure deficiencies in his pleadings. *See Emery v. American General Finance, Inc.*, 134 F.3d 1321, 1323 (7th Cir. 1998). Further, Mr. Albrechtsen has not given any indication that he could, in fact, successfully amend his complaint to cure the defects identified above, even if given the opportunity to do so. Consequently, the Court, in its discretion, dismisses Mr. Albrechtsen's First Amendment claim against all Defendants and his Fourth Amendment claim against Captain Parsons with prejudice.